Demetrius MORENO, Plaintiff–Appellant,

v.

The TOWN OF HUNTINGTON, Don Taylor, in his Official and individual capacity, Susan A. Berland, Marlene L. Budd, Mark A. Capodanno, Thomas Cavanagh, Mark Cuthberton, John Hall, Frank P. Petrone, Defendants–Appellees.

No. 08–1792–cv.

United States Court of Appeals, Second Circuit.

June 29, 2009.

Robert J. Valli, Jr., Valli Kane & Vagnini, LLP, Garden City, NY, for Appellant.

James P. Clark, Cullen and Dykman LLP, Garden City, NY, for Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Demetrius Moreno, a black Hispanic male, challenges a March 18, 2008 judgment of the District Court granting defendants-appellees' motion for summary judgment and dismissing with prejudice his suit alleging employment discrimination and retaliation under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000–e, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* On appeal, plaintiff argues that the District Court erred in granting summary judgment to defendants with respect to his discrimination claims under § 1983 and NYSHRL and his retaliation claims under Title VII and NYSHRL. We assume the parties' familiarity with the facts and procedural history of the case.

We review the District Court's grant of summary judgment *de novo*, construing all facts in favor of the non-moving party. *See, e.g., Graves v. Finch Pruyn & Co., Inc.,* 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is warranted only upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

We agree with the District Court that plaintiff failed to raise a genuine issue of material fact as to whether defendants' proffered explanation for its decision to hire a Caucasian, rather than promote plaintiff, to the position of Heavy Equipment Operator II ("HEO II") in the Off–Street Parking Division of the Department of General Services of the Town of Hunt-

ington (the "Town") was a pretext for discriminatory animus. We have explained that where, as here,

> a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

*Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001) (internal quotation marks omitted).

It is undisputed that the candidate selected for the position over Moreno was qualified inasmuch as he was a mechanic who possessed extensive experience in a supervisory position and was licensed to operate all relevant equipment. Although plaintiff had worked for the Town for approximately two years, his credentials were not "so superior to the credentials of the person selected for the job" as to raise an inference of discriminatory animus. *See id.* Indeed, the District Court correctly observed that plaintiff "present[ed] no evidence calling into question the evaluation and recommendation of the applicant screening committee, which rated [the other candidate] higher than Moreno." *Moreno v. Town of Huntington*, No. CV05–2627(LDW)(AKT), 2008 WL 746830, at *6 (E.D.N.Y. March 18, 2008); *cf. Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999) ("Our role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments.")

We also agree with the District Court that plaintiff failed to raise a genuine issue of material fact as to whether his promotion and transfer to the Refuse Division in the Town's Department of Environmental Waste Management amounted to an adverse employment action substantially motivated by retaliatory animus. It is undisputed that, after plaintiff explained to his supervisor that he "would like to think that he would be considered for promotion in the near future," J.A. 55, plaintiff accepted a promotion to the same position for which he had previously applied, albeit in the Refuse Division, and received a pay raise as a result. Plaintiff presented no evidence to substantiate his theory that he was "tricked," Appellant's Br. 23, into applying for the position and, presumably, "tricked" into accepting it. Nor does plaintiff offer evidence in support of his theory that the position offers little or no possibility for further professional advancement.

Finally, we hold that the District Court properly granted summary judgment to defendants with respect to plaintiff's other retaliation claims under Title VII and NYSHRL. Specifically, we agree with the District Court that plaintiff's "conclusory assertions of disparate treatment," many of which "contradict[ ] his deposition testimony," 2008 WL 746830, at *8, do not raise an inference of retaliatory animus.

For reasons stated above, the March 18, 2008 judgment of the District Court is AFFIRMED.